CONSTANT *et al. v.* UNIVERSITY OF ROCHESTER *et al.*

(*Superior Court of New York City, General Term.*   December 17, 1891.)

MORTGAGES—PRIORITY—NOTICE TO AGENT.

 Where an agent makes a loan on mortgage with knowledge of the fact that a prior unrecorded mortgage on the same property exists, taken by him as agent for another person, his principal in the second transaction takes charged with the knowledge of the agent, and cannot enforce such second mortgage as against the prior unrecorded mortgage.

Appeal from special term.

Action by Mary T. Constant and others, executors of Samuel S. Constant, deceased, against the University of Rochester and others, to foreclose a mortgage.   The court found that plaintiffs' mortgage was a lien superior to that of the university as holder of a subsequent mortgage, though plaintiffs' mortgage was never recorded, on the ground that the agent who took the university's mortgage had knowledge of the existence of plaintiffs' mortgage, having himself procured it, and it being at that time in his office, and that such knowledge should be imputed to the university, his principal.   For former report, see 19 N. E. Rep. 631.   Affirmed.

Upon trial at special term the following opinion, referred to in the decision of the general term as printed on pages 70, 71, of the case, was rendered by FREEDMAN, J.:

"The testimony given by Mr. Squires, if full effect is to be given to it, establishes conclusively that Mr. Deane had full knowledge of the Constant mortgage as an existing obligation at the very moment that he, on behalf of the university, took the Meehen mortgage on the Lexington-Avenue property. Upon a careful consideration of the whole evidence, inclusive of probabilities, I could find no reason for refusing to believe the testimony of Mr. Squires, and I arrived at the conclusion that full effect should be given to it.   The deficiency in the proof pointed out by the court of appeals in 111 N. Y. 604, 19 N. E. Rep. 631, has therefore been fully supplied.   This knowledge on the part of Deane at the very moment in question was, under the circumstances of this case, acquired by him in the very course of the business of the university, and consequently constituted notice to the university.   The plaintiffs are therefore entitled to judgment, even if it were to be held that the university parted with value for the mortgage which Deane substituted; for parting with value alone is not enough.   The statute requires that it must be done on the faith of the substituted mortgage.   This requires ignorance of the rights of prior mortgagees.   The evidence, which is more complete than it was on the former trial, compels me to find, however, that, at the time of the acceptance by Deane of the Meehen bond and mortgage on the Lexington-Avenue property to the university, the previous bonds and mortgages of the university on the 117th-Street property had been satisfied, and that property had been mortgaged to Mr. Earle's clients the day before the university mortgage in question was executed.   In accordance with this view of my duty, I have made such a finding, but beyond that I shall let the facts speak for themselves.   I have settled and signed all necessary findings of fact and conclusions of law.   The requests of the defendants I have marked 'Refused,' except so far as they are covered by the findings of fact and conclusions of law settled and signed by me.   If the defendants should prefer, however, to sub-

mit a revised set of requests which can be refused unqualifiedly, they may be so on notice to the plaintiffs, and I shall pass upon them hereafter.    Judgment must be given for the plaintiffs, with costs and all allowance."

Argued before McAdam and Gildersleeve, JJ.

*Martin W. Cooke,* for appellant.    *Constant & Coghill,* for respondents.

Per Curiam.    We have examined the record in the light of the opinion of the court of appeals, (111 N. Y. 604, 19 N. E. Rep. 631,) and find that the defects in the proof in the former trial have been supplied, and the present record requires an affirmance.    For these reasons, and those expressed by the trial judge in his opinion, printed on pages 70, 71, of the case, the judgment appealed from must be affirmed, with costs.